## PULASKI COUNTY V. REEVE.

1.  COUNTIES:  *Funding warrants:   Act of* 1873 *constitutional.*
    The act of April 29, 1873, authorizing certain counties to fund their outstanding indebtedness is not in conflict with the Constitution of 1868.

2.  COUNTIES:  *Not corporations.*
    A county is not properly a corporation, but a political subdivision of the State, which, for the more convenient administration of justice and for some purposes of local government, is invested with a few functions characteristic of corporate existence.

APPEAL from *Pulaski* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.

*P. C. Dooley and M. W. Benjamin,* for appellant.

The act approved April 29, 1873, is unconstitutional because:

1. Under our statute counties are corporations, and the act authorizing the issue of the bonds was a special act conferring corporate powers in violation of section 48, article 5, Constitution 1868. *Gantt's Digest, sec. 937; 49 Ala., 507; 11 Ga., 207; 46 Md., 500; 22 Mich., 97; 4 Hill, 384; 11 Ill., 654; 39 Ib., 166; 2 Otto, 308; 20 Wend., 467; 6 Ohio St., 269; 77 Ib., 338; 19 Iowa, 43; 84 Ill., 590; 103 U. S., 707; 8 Neb., 178.*

2. The act authorizes the levy of a tax in excess of that prescribed by *section 47, article 5, Constitution 1868,* and is void. *20 Wal., 655; 102 U. S., 287; 37 Iowa, 42; 106 U. S., 183.*

*E. W. Kimball,* for appellee, *contra.*

1. Section 48, article 5, only applies to private corporations, and not to counties. See *20 Ohio St., 37; Dillon on Mun. Corp., 3d edition.*

Our statutes are full of legislation, special acts, in favor of counties. Whenever the Constitution speaks of this political division of the State, it calls them counties and not corporations. See *art. 5, sec. 47,* and *sec. 28,* and *49,* and *art. 10, sec. 6,* and *art. 15, sec. 12.* See also, *32 Ark., 496; 36 Ib., 177; 35 Ib., 56; 34 Ib., 323.*

2. No additional indebtedness was created by the act, and section 5 confers no power to tax beyond the constitutional limit. Besides, section 5 may be stricken out, and the bonds would remain valid obligations of the county.

SMITH, J. Reeve recovered a judgment against Pulaski County upon certain bonds issued by it under the act of April 29, 1873, to authorize certain counties to fund their outstanding indebtedness. It is conceded that the judg-

1. COUNTY WARRANTS: Funding act of April 29, 1873, constitutional.

ment was correct, provided the act was not unconstitu-
tional. In *Worthen v. Badgett, 32 Ark., 496*, it was deter-
mined that this statute had been enacted in accordance with
constitutional forms, and that it was not open to the objec-
tion of embracing more than one subject.

The act is now assailed as special legislation conferring
corporate powers, and therefore forbidden by *section 48
of article 5, Constitution of 1868.*

2. COUN-
TIES:
Not cor-
porations.

Although each county in the State was, by section 937
of *Gantt's Digest*, declared to be a body politic and corpor-
ate, yet the term corporation, nowhere in that Constitution
includes counties. There are numerous provisions in the
instrument affecting counties, but they are always spoken
of as counties, and not as corporations. A county is not
properly a corporation, but a political subdivision of the
State, which for the more convenient administration of
justice and for some purposes of local government, is
invested with a few functions characteristic of corporate
existence. *Commissioners v. Mighels, 7 Ohio St., 109.*

The very same section, under consideration, requires
corporations to be formed under general laws. Yet every
county is, and from the nature of the case must be, created
by a special law. It further provides that dues from cor-
porations shall be secured by the individual liability of
stockholders, and that the property of corporations shall
be forever subject to taxation, the same as that of individ-
uals. But no individual's own stock in a county and its
property is exempt from taxation.

Several of the recent American constitutions contain
this identical provision. But the courts have uniformly,
so far as the cases have come under our observation, refused
to apply it to counties. *County of Sherman v. Simonds,
decided by Supreme Court of United States, January 7, 1874,
3 Sup. Court Reporter, 502; Jefferson County v. People, 5*

*Neb., 127; State v. Cincinnati, 20 Ohio St., 37; Beach v. Leahy, 11 Kan., 23.*

The act is also supposed to conflict with section 47 of the same article, which reads: "The General Assembly shall not have power to anthorize any municipal corpora-tion * * * to levy any tax on real or personal property to a greater extent than two per centum of the assessed value of the same."

The second section of the act provides that the bonds to be issued shall be payable in not less than three nor more than ten years from the date thereof. And the fifth section makes it the duty of the board of supervisors to levy a special tax of sufficient amount to pay the principal and interest of the bonds as they mature. It is argued that a levy exceeding two per cent. might be necessary to meet the payment of the funded bonds. It is only necessary to say of the objection, that the act confers no power to tax beyond the constitutional limit.

No new obligation or increase of debt is authorized, but only the evidences of the debt are changed, negotiable bonds being substituted for warrants.

Affirmed.